**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

| | | |
|---|---|---|
| **JEFFREY E. MOLLOHAN,** | ) | |
| | ) | |
| **Movant,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 5:09-1235** |
| | ) | **(Criminal No. 5:05-0134)** |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

Movant, acting *pro se*, filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody on November 12, 2009.[1] (Document Nos. 99 and 100.) By Standing Order, Movant's Motion was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 103.)

**FACTUAL AND PROCEDURAL BACKGROUND**

On January 24, 2006, Movant pled guilty to one count of possession of a quantity of pseudoephedrine, knowing and having reasonable cause to believe that the pseudoephedrine would be used to manufacture methamphetamine, in violation of 21 U.S.C. § 841(c)(2) (Count Two.). (Criminal Action No. 5:05-0134, Document Nos. 55 - 59.) Movant was sentenced on April 25, 2006. (Id., Document Nos. 67 and 68.) The District Court ordered that Movant serve a 120-month term of incarceration to be followed by a three-year term of supervised release. (Id.) The District Court

---

[1] Because Movant is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

also imposed a $100 special assessment and a $1,000 fine. (Id.)

On May 10, 2006, Movant filed a Notice of Appeal. (Id., Document No. 70.) In his appeal, Movant argued that the District Court abused its discretion by not imposing the minimum guideline sentence. On March 15, 2007, the Fourth Circuit Court of Appeals affirmed Movant's conviction and sentence. United States v. Mollohan, 221 Fed.Appx. 295 (4th Cir. 2007). Movant did not file a petition for certiorari in the United States Supreme Court.

On November 12, 2009, Movant filed his instant Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody and Memorandum in Support. (Civil Action No. 5:09-01235, Document Nos. 99 and 100.) As grounds for *habeas* relief, Movant alleges as follows: (1) "Defendant Jeff Mollohan's guilty plea was not knowingly and voluntarily entered due to ineffective assistance of counsel" (Id., Document No. 100, pp. 6 - 8, 16 - 19.); and (2) Trial counsel was ineffective in failing "to argue that the U.S.S.G. prohibited the use of Petitioner's prior conviction from being used to determine his criminal history category" (Id., pp. 20 - 24.). Movant argues that his Section 2255 Motion is timely because the "principles of equitable tolling can be applied" to the facts of his case. (Id., pp. 9 - 16.) Movant explains that "he was denied knowledge of the Fourth Circuit Court of Appeals decision because of ineffective assistance of appellate counsel." (Id., p. 9.) Movant claims that he "did not receive correspondence regarding his appeal from Mr. Skaggs until September 6, 2009." (Id., p. 10.) Movant further complains that "he was twice instructed to contact the wrong court in his pursuit of his right to file a motion under § 2255." (Id., 11.) Movant states that "due to no fault of his own, [he] was prevented from filing a motion under § 2255 until finally receiving accurate information from the Southern District of West Virginia on October 7, 2009." (Id.)

2

## ANALYSIS

**1.**     **Timeliness:**

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 [AEDPA], which established a one-year period of limitation governing the filing of motions for collateral relief under 28 U.S.C. § 2255. The one-year period runs from the latest of one of four specified events:

(1)     the date on which the judgment of conviction becomes final;

(2)     the date on which the impediment to making the motion created by government action in violation of the Constitution or laws of the United States is removed, if movant was prevented from making a motion by such government action;

(3)     the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)     the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of reasonable diligence.

28 U.S.C. § 2255.

The Fourth Circuit affirmed Movant's conviction and sentence on March 15, 2007, and his sentence became final 90 days later when he did not file a petition for writ of certiorari (June 13, 2007). On November 12, 2009, nearly one year and four months after the one year period expired, Movant filed the instant Motion raising issues challenging his conviction and sentence in Criminal Action No. 5:05-0134. Movant's Motion is therefore clearly untimely.

The one-year period of limitation is procedural, not jurisdictional, and therefore may be equitably tolled. United States v. Prescott, 221 F.3d 686, 688 (4th Cir. 2000)("§ 2255's limitation period is subject to equitable modifications such as tolling."). The Fourth Circuit, however, has held that equitable tolling "must be reserved for those rare instances where - due to circumstances

external to the party's own conduct - it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003); see also Harris v. Hutchinson, 209 F.3d 325, 329 - 30 (4th Cir. 2000)(equitable tolling should apply only where the petitioner is prevented from asserting his claim by wrongful conduct of the respondent or where extraordinary circumstances beyond the petitioner's control make it impossible to file the claim on time). Specially, the Fourth Circuit stated as follows in Harris, *supra*, at 330:

> 'As a discretionary doctrine that turns on the facts and circumstances of a particular case, equitable tolling does not lend itself to bright-line rules.' Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999). The doctrine has been applied in 'two generally distinct situations. In the first, the plaintiffs were prevented from asserting their claims by some kind of wrongful conduct on the part of the defendant. In the second, extraordinary circumstances beyond plaintiffs' control made it impossible to file the claims on time.' Alvarez-Machain v. United States, 107 F.3d 696, 700 (9th Cir. 1996) (citation omitted). But any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

Ignorance of the law is not a valid basis for equitable tolling. Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 200)(stating that ignorance of the law, including the existence of AEDPA, is insufficient to warrant equitable tolling); Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998)(equitable tolling not justified by the fact that the prisoner did not know about AEDPA time limitation). Thus, federal courts invoke the doctrine of equitable tolling "only sparingly" and will not toll a statute of limitations because of "what is at best a garden variety claim of excusable neglect" on the part of the defendant." Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96, 111 S.Ct. 453, 458, 112 L.Ed.2d 435 (1990). To receive the benefit of equitable tolling, a Section 2255 movant must

demonstrate that circumstances beyond his control or government misconduct contributed to his inability to file his Section 2255 motion on time. Based upon a thorough review of the record, the undersigned finds no circumstances justifying equitable tolling in this matter. Movant alleges that the ineffectiveness of  appellate counsel constitutes an extraordinary circumstance justifying equitable tolling. The undersigned, however, finds that counsel's alleged failure to notify Movant of the denial of his appeal does not constitute an extraordinary circumstance beyond Movant's control making it impossible to file the claim on time. See Facundo v. United States, 2010 WL 2245992, * 4 (W.D.N.C. July 2, 2010)(finding no entitlement to equitable tolling based on Movant's claim that counsel failed to notify him of the finality of his convictions and sentences); Jackson v. United States, 319 F.Supp.2d 672, 675 (E.D.Va. 2004)(finding no authority "suggesting that a petitioner's unawareness of the finality of his conviction constitutes the necessary extraordinary and external circumstances that warrant equitable tolling"); Rash v. United States, 2007 WL 1983852, * 3 (N.D.W.Va. April 3, 2007)(finding that it is not unconscionable to deny equitable tolling for movant who could have timely discovered the factual predicate for his claim had he requested documents from the Court earlier). Using reasonable diligence, Movant could have determined the status or results of his appeal by contacting the Clerk of the Fourth Circuit or this Court.[2] Movant

---

[2] The undersigned finds Movant's claim that he acted with diligence in obtaining the results of his appeal to be without merit. The Fourth Circuit denied Movant's appeal on March 15, 2007, and Movant contends that counsel did not notify him of the results for approximately two and half years later (September 6, 2009). Movant could have easily requested and received a status update from the Clerk of the Fourth Circuit or this Court. Movant acknowledges that upon request, he received "accurate information from the Southern District of West Virginia."(Civil Action No. 5:09-01235, Document No. 100, p. 11.) See Rash v. United States, 2007 WL 1983852 at * 3(finding that Petitioner would have known the status of his appeal had he simply made a timely inquiry with the Clerk of the Court, but he instead chose to assume that his appeal had been pending for more than two years).

is, therefore, hereby notified in accordance with the Fourth Circuit's decision in Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002), that the undersigned recommends that his Section 2255 action be dismissed as untimely unless Movant can demonstrate that the Motion was filed within the proper time period or circumstances exist which would permit equitable tolling of the limitation period. Notwithstanding the foregoing, the undersigned will briefly consider the merits of Movant's claim.

**2.      Ineffective Assistance of Counsel:**

Indigent criminal defendants have the constitutional right to effective assistance of counsel through direct appeal. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) When a movant claims ineffective assistance of counsel as a basis for seeking relief under Section 2255, the burden is on the movant to prove that his trial attorney failed to render effective assistance. Strickland v. Washington, 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984). In Strickland, the Court adopted a two-pronged test for determining whether a defendant received adequate assistance of counsel. Id. The first prong is competence. The movant must show that the representation fell below an objective standard of reasonableness. Strickland, 466 U.S. at 687 - 691, 104 S.Ct. at 2064 - 2066. There is a strong presumption that the conduct of counsel was in the wide range of what is considered reasonable professional assistance, and a reviewing Court must be highly deferential in scrutinizing the performance of counsel. Strickland, 466 U.S. at 688-89, 104 S.Ct. at 2065 - 2066.

> A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. . .. [C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.

Strickland, 460 U.S. at 690, 104 S.Ct. at 2066. The Court will not second-guess an attorney's tactical decisions unless they appear unreasonable in view of all of the circumstances. Goodson v. United States, 564 F.2d 1071, 1072 (4th Cir. 1977). The second prong is prejudice. The movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694, 104 S.Ct. at 2068; Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985). An attorney's mere mistake, ignorance or inadvertence does not suffice for proof of ineffective assistance. Murray v. Carrier, 477 U.S. 478, 106 S. Ct. 2639, 2645-46, 91 L.Ed.2d 397 (1986)("So long as a defendant is represented by counsel whose performance is not constitutionally ineffective under the standard established in Strickland v. Washington, . . . we discern no inequity in requiring him to bear the risk of attorney error that results in a procedural default.") The movant must therefore show (1) that his attorney's performance was constitutionally inadequate, i.e., that he committed errors so serious that his performance "fell below an objective standard of reasonableness" and (2) that his attorney's performance prejudiced him such that it rendered the proceeding fundamentally unfair or made the result unreliable. Strickland, 466 U.S. at 687 - 88, 104 S.Ct. at 2064 - 2065; Fitzgerald v. Thompson, 943 F.2d. 463 (4th Cir. 1991), cert. denied, 502 U.S. 1112, 112 S.Ct. 1219, 117 L.Ed.2d 456 (1992).

### A.      *Counsel's Ineffectiveness Resulted in an Unknowing and Involuntary Plea.*

A guilty plea must be "a voluntary and intelligent choice among the alternative courses of action open to the defendant."North Carolina v. Alford, 400 U.S. 25, 31, 91 S.Ct. 160, 27 L.Ed. 2d 162 (1970). The United States Supreme Court held in Mabry v. Johnson, 467 U.S. 504, 508, 104 S.Ct. 2543, 2546 - 47, 81 L.Ed.2d 437 (1984), "[i]t is well settled that a voluntary and intelligent

plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked." Once a criminal defendant has pled guilty, collateral review is limited to an examination of "whether the underlying plea was both counseled and voluntary." United States v. Broce, 488 U.S. 563, 569, 109 S. Ct. 757, 102 L.Ed.2d 927 (1989); see also Fields v. Attorney General of State of Md., 956 F.2d 1290, 1294 - 95 (4th Cir. 1992). A guilty plea will be deemed involuntary if it is entered without knowledge of material information withheld by the prosecution. See for example Sanchez v. United States, 50 F.3d 1448, 1453 (9th Cir. 1995)(A defendant challenging the voluntariness of a guilty plea may assert a claim under Brady that the prosecution withheld evidence favorable to the defendant and material to guilt or punishment when defendant requested it.).

Movant appears to allege that his plea was made unknowingly and involuntarily because trial counsel failed to inform Movant of his correct sentencing exposure. (Civil Action 5:09-01235, Document No. 100, pp. 16 - 19.) Movant contends that he was not aware that he would receive criminal history points for the offenses contained in Paragraphs 35, 36, and 37 of the Presentence Report, which resulted in a higher sentence.[3] (Id.) The record in this case, however, reflects that Movant's guilty plea was voluntary and made with full knowledge of its consequences. The written plea agreement provided that "Mr. Mollohan will plead guilty to Count Two of said indictment, which charges him with a violation of 21 U.S.C. § 841(c)(2)." (Criminal No. 5:05-0134, Document

---

[3] To the extent that Movant contends that trial counsel was ineffective in failing to challenge the validity of his prior convictions, the undersigned finds his claim to be without merit. Movant appears to contend that his prior convictions were invalid because he was denied the right to counsel. The Presentence Report, however, indicates that Movant was represented by counsel concerning his prior conviction contained in Paragraph 35, and that Movant waived his right to counsel concerning the prior convictions contained in Paragraphs 36 and 37. (Criminal Action No. 5:05-0134, Document No. 84, pp. 8 - 9.)

No. 56, p. 2.) The written plea agreement spelled out the maximum sentence to which Movant was subject by virtue of his plea. (Id.) The plea agreement further stated at Paragraph 10 that "[t]he matter of sentencing is within the sole discretion of the Court. The United States has made no representations or promises as to the specific sentence." (Id., p. 4.) At Movant's January 24, 2006, plea hearing, the District Court informed Movant of the maximum sentence to which he was subject and elicited Movant's statement that he knew that his sentence was in the Court's discretion. (Id., Document No. 79, pp. 11 - 12.) Specifically, the District Court stated as followings:

> THE COURT: Mr. Mollohan, if I accept your guilty plea, the maximum statutory penalties to which you will be exposed pursuant to your guilty plea are a term of imprisonment - - to Count Two are a term of imprisonment of twenty years; a maximum fine of $250,000, or twice the gross pecuniary gain or loss resulting from your conduct, whichever is greater; a term of supervised release of three years; a criminal assessment of $100; possible denial of federal benefits for a period of one year; and an order of community restitution not to exceed the amount of the fine. Do you understand the maximum penalties that apply here?
>
> THE DEFENDANT: Yes, sir.
>
> * * *
>
> THE COURT: Under the Sentencing Reform Act of 1984, the U.S. Sentencing Commission has issued guidelines for courts to follow in determining the sentences in criminal cases. The guidelines are no longer mandatory but the court is required to consider them and impose a reasonable sentence within the statutory maximum. Have you and your attorney talked about how the guidelines might apply to your case?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Do you understand from those discussions that I will not be able to determine the guideline sentence range for your case until after a presentence report has been completed by the probation department and you and the United States have had

9

|  | the opportunity to challenge anything in that report you believe to be inaccurate or incomplete? |
|---|---|
| THE DEFENDANT: | Yes, sir. |

$$* * *$$

| THE COURT: | Do you understand that if the sentence imposed upon you is more severe than you expected, you'll still be bound by your plea of guilty and will have no right to withdraw your plea for that reason? |
|---|---|
| THE DEFENDANT: | Yes, sir. |
| THE COURT: | Do you understand that the matter of sentencing remains entirely within the discretion of the court depending upon what the presentence report tells me about you? |
| THE DEFENDANT: | Yes, sir. |

(Id., pp. 11 - 14.) Movant acknowledged that he was pleading guilty because he was in fact guilty of the charge. (Id., p. 20.) The District Court further found that Movant's plea was voluntary and was not the result of any promises or threats. (Id., pp. 23 - 24.) Moreover, nothing in the record indicates that Movant's trial attorney misinformed Movant in any respect pertaining to his plea of guilty or potential sentence such that Movant was induced or misled into pleading guilty. Accordingly, Movant's allegation that his plea was entered into unknowingly and involuntarily due to ineffective assistance of counsel is without merit.

**B.**      ***Criminal History Calculation.***

Movant contends that pursuant to Amendment 709 of the Sentencing Guidelines, he was incorrectly attributed a criminal history point for the offense contained in Paragraph 37 of the Presentence Report. (Civil Action No. 5:09-01235, Document No. 100, pp. 20 - 24.) Movant, therefore, claims that counsel was ineffective in failing to raise the above argument. (Id.) Movant states that "[b]ut for counsel's unprofessional performance, there is a reasonable probability that Mr.

10

Mallohan's criminal history points would have been reduced from its current total of 10 to a total of 9, thereby reducing his Criminal History Category from V to IV, and thus his sentencing range from 100 to 125 months to 84 to 105 months." (<u>Id.</u>, p. 22.)

The undersigned, however, finds that Movant is not entitled to a sentence reduction based upon Amendment 709. Amendment 709 became effective on November 1, 2007, subsequent to Movant's sentencing date (April 25, 2006). In <u>United States v. Gaston</u>, 382 Fed.Appx. 297, 301-02 (4th Cir. 2010), the Fourth Circuit recognized that Amendment 709 does not apply retroactively. Specifically, the Fourth Circuit explained as follows:

> Under 18 U.S.C. § 3553(a)(4), the district court must, with certain exceptions not applicable here, apply the guideline that is in effect on the date the defendant is sentenced. Gaston was sentenced in May 2007. Applying the guidelines in effect on the date of Gaston's sentencing, the district court properly counted his criminal history points. Amendment 709 did not become effective until November 1, 2007, and does not apply retroactively. <u>See</u> U.S.S.G. § 1B1.10(c)(Amendment 709 is not listed); <u>see</u> <u>United States v. Dumphy</u>, 551 F.3d 247, 249 n. 2 (4th Cir.)(noting that an amendment to the Guidelines may be applied retroactively only when the amendment is expressly listed in U.S.S.G. § 1B1.10(c)), <u>cert. denied</u>, ___ U.S. ___, 129 S.Ct. 2401, 173 L.Ed.2d 1296 (2009).

Based on the foregoing, the undersigned finds that counsel was not ineffective in failing to challenge Movant's criminal history points based upon Amendment 709.

## **PROPOSAL AND RECOMMENDATION**

Accordingly, the undersigned respectfully proposes that the Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Movant's Motions Under Section 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Document Nos. 99 and 100) and **REMOVE** this matter as consolidated from the Court's docket unless Movant can demonstrate within the period of time allotted for objecting to this Proposed Findings and Recommendation that the Motion was filed within the proper time period or circumstances exist

which would permit equitable tolling of the limitation period.

Movant is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Thomas E. Johnston. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, Movant shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Johnston, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Movant, who is acting *pro se*, and counsel of record.

Date: November 28, 2012.

R. Clarke VanDervort
United States Magistrate Judge