IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

JEFFREY E. MOLLOHAN,

       Petitioner,

v.              CIVIL ACTION NO.  5:09-cv-01235
               (Criminal No. 5:05-cr-00134-1)

UNITED STATES OF AMERICA,

       Respondent.

**MEMORANDUM OPINION AND ORDER**

   Petitioner Jeffrey E. Mollohan, acting *pro se*, ("Petitioner") filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Docket 99] and a motion for permission to file a memorandum of law in support of his § 2255 motion [Docket 100], which the Court construes as a supplement to his § 2255 motion.  By Standing Order entered August 1, 2006, and filed in this case on November 12, 2009, this case was referred to United States Magistrate Judge R. Clarke VanDervort for submission of proposed findings and a recommendation ("PF&R").  On November 28, 2012, Magistrate Judge VanDervort issued a PF&R recommending that the Court deny Petitioner's motions (Docket 107).

   The Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the Magistrate Judge as to those portions of the findings or recommendation to which no objections are addressed.  *Thomas v. Arn*, 474 U.S. 140, 150 (1985).  In addition, failure to file timely objections constitutes a waiver of de novo review and Petitioner's right to appeal this Court's Order.  *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).  Here, objections to Magistrate Judge VanDervort's PF&R were due on December 15, 2012.  To date, no objections have been filed.

Accordingly, the Court **ADOPTS** the PF&R (Docket 107), **DENIES** Petitioner's motions [Docket 99, 100], **DISMISSES** this case, and **DIRECTS** the Clerk to remove this action from the Court's docket.

The Court has also considered whether to grant a certificate of appealability. See 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this Court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. *Miller–El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 437, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683–83 (4th Cir. 2001). The Court concludes that the governing standard is not satisfied in this instance. Pursuant to Rule 11(a), Petitioner may not appeal the Court's denial of a certificate of appealability, but he may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. Accordingly, the Court **DENIES** a certificate of appealability.

**IT IS SO ORDERED.**

The Court **DIRECTS** the Clerk to provide a copy of this Order to all counsel of record, the petitioner, *pro se*, and Magistrate Judge VanDervort.

ENTER: January 9, 2013

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE

2